UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELISE EGUIARTE, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>GOLDEN NUGGET, LLC, a Nevada Limited Liability Company; and DOES 1 to 25, inclusive,<br><br>    Defendant. | Case No. 2:18-cv-02420-RFB-VCF<br><br>**<u>ORDER</u>** |

## I. INTRODUCTION

Before the Court for consideration is Defendant Golden Nugget's Motion for Summary Judgment, ECF No. 51.

## II. PROCEDURAL BACKGROUND

This matter arises from a personal injury complaint for one claim of premises liability and one claim of negligence. Plaintiff alleges that Defendant knew or should have known that a liquid substance was spilled on the floor and created a dangerous condition.

Plaintiff filed a federal complaint on September 18, 2018. ECF No. 1. On January 25, 2019, Defendant Golden Nugget answered the Complaint. ECF No. 23. After the completion of discovery, which was extended several times, on April 19, 2021, Defendant filed a motion for summary judgment. ECF No. 51. Plaintiff responded on May 10, 2021. ECF No. 55. Defendant replied on May 24, 2021. ECF No. 56.

The Court took this motion under submission. This written order now follows.

### III.    FACTUAL BACKGROUND

#### a. Undisputed Facts

The Court finds the following facts to be undisputed. On October 7, 2016, Plaintiff was walking through the heavily trafficked lobby of the Golden Nugget. As Plaintiff was walking in the lobby, she slipped on a liquid on the floor and fell on her side. Approximately one minute prior to Plaintiff's fall, a non-employee spilled a liquid substance in the area of the floor where Plaintiff fell. The spill occurred on a white marble floor. The lobby area is adjacent to a bar.

#### b. Disputed Facts

The parties dispute the amount of time that the spill may have been on the floor.

### IV.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V.  DISCUSSION

Under Nevada law, a plaintiff must prove four elements to show negligence in a slip-and-fall matter: (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury; and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). A business owner will be liable for breaching its duty to patrons if the business owner, or his or her agents, cause a foreign substance to spill on the floor. Id. But if any other person causes the foreign substance to spill on the floor, the business can only be liable if it had actual or constructive notice of the foreign substance and did not remedy it. Id. at 322–23. A plaintiff can show constructive notice by showing that a hazardous condition is "virtually continual," or on the surface for a sufficient duration that the premises' owner should have known of the hazard. Id. at 323.

In Sprague, the Court found that whether the store was "under constructive notice of the hazardous conditions is, in accordance with the general rule, a question of fact properly left for the jury." The Court went on to say that because "a reasonable jury could have determined that the virtually continual debris on the produce department floor put Lucky on constructive notice that,

at any time, a hazardous condition might exist which would result in an injury to Lucky customers." Id. at 323. In determining that a genuine dispute of material fact exists, the Nevada Supreme Court focuses primarily on whether the *conditions* create a factual issue that must be sent to the jury.

In Forrest v. Costco Wholesale Corp., 2016 WL 5402200, at *3 (D. Nev. Sept. 26, 2016), the Court granted summary judgment in favor of Defendant because Plaintiff failed to provide evidence that the kinds of conditions that created a genuine dispute of material fact in Sprague existed.

Here, there is a genuine question as to constructive notice. It is undisputed that the lobby area where Plaintiff's fall occurred has a white marble floor that is slippery when wet. It is undisputed that liquids are frequently brought across the marble section of the floor because of the bar area immediately adjacent to the lobby area and the open container policy of the area. It is undisputed that the marble floor is a heavily trafficked area. It is also undisputed that slip and fall injuries have, in the past, occurred on the marble floor in this part of the lobby. See ECF No. 55-2 at 46:24-47:18, ECF No. 56-3,4. It is also undisputed that there was a liquid hazard of some sort on the floor. The Court finds that the record is unclear as to the source and duration of the hazard on the floor. While the grainy camera footage appears to suggest that the liquid came from a non-employee of the hotel, this cannot be determined sufficiently for the purposes of summary judgment. It is also disputed as to whether the location of the hazard should have placed the employer on constructive notice even if existed for a short period of time. As discussed above, the location of the marble floor is in Defendant's lobby. Unlike in the grocery store context in Sprague where employees rarely remain in one place throughout the store, this area has employees permanently stationed in several areas around the marble floor, including across from the marble

area and at the bar. ECF No. 53. Considering these undisputed and disputed facts, the Court finds that a reasonable jury could determine that a combination of these conditions could give rise to constructive notice of a hazardous condition.

Because a jury needs to decide this disputed issue, summary judgment is denied.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Carrillo's Motion for Summary Judgment (ECF No. 51) is DENIED consistent with this order.

**IT IS FURTHER ORDERED** that the Parties shall file a joint proposed pretrial order including potential trial dates for the October 2022, due 30 days from the date of this Order.

**DATE**: March 31, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**